
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GOR KHARATYAN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-70629<br><br>Agency No. A095-179-809<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**
Pasadena, California

Before: ROGERS,*** BYBEE, and WATFORD, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) did not abuse its discretion by

denying Gor Kharatyan's asylum claim, either as a derivative or principal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

applicant. *See* 8 U.S.C. § 1252(b)(4)(D). The immigration judge properly considered the totality of the circumstances and weighed Kharatyan's positive and negative factors. *See Kazlauskas v. I.N.S.*, 46 F.3d 902, 907 (9th Cir. 1995). In particular, the immigration judge reasonably gave significant weight to Kharatyan's criminal history, which included at least eleven convictions after removal proceedings had been initiated.

**2.** Substantial evidence supports the BIA's determination that Kharatyan is ineligible for withholding of removal and for relief under the Convention Against Torture. *See Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). Notwithstanding Kharatyan's arguments to the contrary, because he applied for these forms of relief in 2009, his application is governed by the REAL ID Act. *See id.* at 1039–40. Substantial evidence supports the immigration judge's adverse credibility determination, which the BIA affirmed. *See id.* at 1044–45. In particular, the immigration judge and the BIA properly took into account the fact that Kharatyan's testimony about his brother was inconsistent with the testimony of his father and sister-in-law. The remaining record evidence, which the immigration judge and BIA properly considered, does not on its own compel reversal. *See* 8 U.S.C. §§ 1229a(c)(4)(B), 1231(b)(3)(C); *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1283–84 (9th Cir. 2001).

**3.** The BIA properly affirmed the immigration judge's evidentiary rulings and decision to grant a continuance. "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (internal quotation marks omitted). The immigration judge did not abuse his discretion in granting a continuance here. As to the evidentiary rulings, the admitted evidence was probative and its admission was fundamentally fair. *See Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995). That evidence also was not dispositive in the immigration judge's decision. Finally, Kharatyan fails to establish that he was prejudiced by the exclusion of evidence. *See Ladha v. I.N.S.*, 215 F.3d 889, 904 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**